

SOUTH CAROLINA
★ ★
1775  1783
★ ★
BATTLEGROUND OF FREEDOM

CODE OF LAWS OF
SOUTH CAROLINA 1976

Corporations, Partnerships and
Associations

Title 33

13509210S

KFS
1880
1976
.A1



# CODE OF LAWS OF SOUTH CAROLINA 1976
### Annotated

Containing permanent public statutes of general
application to the end of the 1989 Legislative Session

Prepared under the supervision of the Legislative
Council and Code Commissioner and adopted as the Official
Code of the State by the 1990 Session
of the General Assembly

## VOLUME 11

**CORPORATIONS, PARTNERSHIPS AND ASSOCIATIONS**

Prepared by the Editorial Staff of the Publisher

THE LAWYERS CO-OPERATIVE PUBLISHING CO.
Aqueduct Building
Rochester, New York 14694

LCP

Copyright © 1977

by

THE STATE OF SOUTH CAROLINA

Copyright © 1990

by

THE STATE OF SOUTH CAROLINA

The paper used in this publication meets the minimum requirements of American National Standard for Information Sciences—Permanence of Paper for Printed Library Materials, ANSI Z39.48-1984.



*Library of Congress Catalogue Card No. 76–40676*

# PREFACE

The Code of Laws of South Carolina, 1976, which was declared to be the only general statutory law of the State as of January 1, 1976, contained all the statutory laws of the State of a general and permanent nature and of statewide application which were in effect on the first day of January 1, 1976.

The State, in conjunction with The Lawyers Co-operative Publishing Company, is pleased to present new South Carolina volume 11 containing all the amendments through and including the 1989 Session of the General Assembly. This replacement volume not only provides the statutory researcher with the most recently enacted law, but provides easy access to related information, practice aids, and additional research sources. These include:

**Research References**—These references give quick and convenient leads to the very extensive research material in such well-known sources as American Jurisprudence, American Law Reports (ALR and ALR Fed), and Corpus Juris Secundum.

**Practice Aids**—Research references are also provided to the practical and useful practice material in sources such as Am Jur Trials, Am Jur Pleading and Practice Forms, Am Jur Proof of Facts, and the South Carolina Law Review.

**History Notes** showing the source and derivations of sections of the law, with any amendments.

**Cross References** to other related provisions in the South Carolina Code, 1976, the State and the United States Constitution, court rules, and Related Local Laws.

**Case note annotations** abstracted from reported decisions of South Carolina and Federal courts, which interpret, construe or apply the law, and from opinions of the Attorney General of the State of South Carolina.

**Index** for the Title is located in the back of the volume.

Most statutory laws pertaining to a particular county or municipality have been omitted from this volume. Users should refer to the Index to Local Laws to find them.

The editorial work embodied in this Code has been performed by the Publisher's editorial staff of lawyer-editors, under the direction of the Code Commissioner and Director of the Legislative Council.

Attorney David F. Williams of the Legal Staff of the Legislative Council



ment or of any interest therein and of the shares or rights evidenced by such certificate, instrument or interest by

(a) The giving by the pledgor to the clearing corporation notice of the pledge and instructions that, until receipt by the clearing corporation of notice to the contrary from the pledgee, such certificate, instrument or interest therein and the shares or rights evidenced by such certificate, instrument or interest, shall be held by the clearing corporation (either directly or through the custodian) for the account of the pledgee, and

(b) By the making of entries on the books of the clearing corporation reducing the account of the pledgor by the number of shares or rights pledged and increasing the account of the pledgee by such number of shares or rights. A pledge so made shall for all purposes be as valid and effective as one made by transfer of actual possession of a certificate or instrument evidencing the shares or rights pledged from the pledgor to the pledgee.

**HISTORY:** 1962 Code § 12-17.33; 1965 (54) 550.

### § 33–27–40. Provisions of chapter shall be controlling.

The provisions of this chapter shall be applicable although the charter or articles of incorporation or bylaws of the corporation, any shares or rights which are transferred or pledged as herein provided, and any certificate or instrument evidencing such shares or rights, in whole or in part, provide that such shares or rights, shall be transferable only on the books of the corporation or shall be registered by a registrar or transferred by a transfer agent.

**HISTORY:** 1962 Code § 12-17.34; 1965 (54) 550.



## CHAPTER 31

### Nonprofit Corporations Generally

| | | Beginning Section |
|---|---|---|
| Article 1. | General Provisions.......................... | 33-31-10 |
| Article 3. | Private Foundations........................ | 33-31-310 |
| Article 5. | Investigation and Examination.............. | 33-31-410 |

### Article 1

#### General Provisions

Sec.
33–31–10. Incorporation of nonprofit corporations authorized.
33–31–20. Written declaration.
33–31–30. Use of words "Mason" or "Masonic" by subordinate lodges.
33–31–50. Issuance of certificate of incorporation; duration.
33–31–60. Investigation prior to issuance of charter; subsequent investigations.
33–31–70. Approval of charters of subordinate lodges by parent organizations; cancellation.
33–31–80. Grounds for refusal of charter.
33–31–90. Irregularities in incorporation.
33–31–100. Powers of corporation.
33–31–110. Powers of corporations created by legislative authority prior to 1900.
33–31–120. Wilful injury to property of corporation shall be a misdemeanor.
33–31–130. Amendment of charter.
33–31–140. Amendment of charter of corporation sole.
33–31–150. Dissolution of corporation.
33–31–160. Certified copy of charter or amendment as evidence of incorporation.
33–31–170. Filing and recording of papers.
33–31–180. Immunity from liability.

### § 33–31–10. Incorporation of nonprofit corporations authorized.

The Secretary of State may issue certificates of incorporation to any nonprofit corporations having no capital stock and organized under this article for any lawful purposes, including, but not limited to, religious, educational, social, fraternal, charitable, or eleemosynary purposes other than for the insurance of life, health, accident, or property. However, mutual benevolent aid associations organized solely for the purposes defined in § 38-35-10 may be incorporated under the provisions of this chapter.

**HISTORY:** 1962 Code § 12-751; 1952 Code § 12-751; 1942 Code § 8158; 1932

Code § 8158; Civ. C. '22 § 4344; Civ. C. '12 § 2862; Civ. C. '02 § 1902; 1900 (23) 390; 1965 (54) 646; 1967 (55) 550; 1987 Act No. 155, § 10.

**Cross references—**

Constitutional provision for formation, organization and regulation of corporation, see SC Const, Art 9, § 2.

Definition of "corporation" or "domestic corporation" may include nonprofit corporation, see § 33-1-400.

Grounds for refusal of charter, see § 33-31-80.

Irregularities in incorporation, see § 33-31-90.

**Research and Practice References—**

15 Am Jur 2d, Charities §§ 180, 181, 184.

18 Am Jur 2d, Corporations § 32.

36 Am Jur 2d, Fraternal Orders and Benefit Societies §§ 1–6.

66 Am Jur 2d, Religious Societies §§ 1, 2.

14 CJS, Charities § 68.

Haynsworth, The 1981 Revision of the South Carolina Business Corporation Act: A critique and agenda for further reform. 33 SC L Rev 449, March, 1982.

**Annotations—**

Nonprofit purposes and character which warrant creation of nonprofit corporation. 16 ALR2d 1345.

Nonprofit charitable institutions as within operation of labor statutes. 26 ALR2d 1020.

Duty of mutual association, nonprofit organization, or co-operative to furnish utilities services. 56 ALR2d 413.

Validity and effect of provision or condition against alienation in gift for charitable trust or to charitable corporation. 100 ALR2d 1208.

Rights and liabilities arising out of contract for lifetime membership in social or fraternal club or association. 10 ALR3d 1357.

Right of charitable or religious association or corporation to protection against use of same or similar name by another. 37 ALR3d 277.

Validity and construction of statute exempting gambling operations carried on by religious, charitable, or other nonprofit organizations from general prohibitions against gambling. 42 ALR3d 663.

Distribution of funds by nonprofit corporation absent dissolution. 51 ALR3d 1318.

What constitutes "church," "religious use," or the like within zoning ordinance. 62 ALR3d 197.

Tort immunity of nongovernmental charities—modern status. 25 ALR4th 517.

### CASE NOTES

In Johnson v Spartanburg County Fair Ass'n (1947) 210 SC 56, 41 SE2d 599, the court said, "It may be doubted whether the General Assembly intended to use the word 'eleemosynary' in this section [Code 1942 § 8158] only in the sense of denoting a purpose to promote the welfare of mankind by works of charity. It may have been used 'in a broader sense to denote an unselfish purpose to advance the common good in any form or manner.'" Eiserhardt v State Agricultural & Mechanical Soc. (1959) 235 SC 305, 111 SE2d 568 (ovrld on other grounds Fitzer v Greater Greenville South Carolina YMCA, 277 SC 1, 282 SE2d 230, 25 ALR4th 513).

Electric cooperatives are not charitable corporations within the meaning of this chapter. Bush v Aiken Electric Cooperative, Inc. (1955) 226 SC 442, 85 SE2d 716.

This section [Code 1942 § 8158] contains nothing on the subject of the exemption of an eleemosynary corporation from the payment of taxes. Textile Hall Corp. v Hill (1949) 215 SC 262, 54 SE2d 809, commented on in 2 SC LQ 190 (1949).

Cited in Piedmont Interstate Fair Ass'n v Bean (1954, CA4 SC) 209 F2d 942; Elmwood Cemetery Asso. v South Carolina Tax Com. (1971) 255 SC 457, 179 SE2d 609.

A cooperative formed under the laws of South Carolina, whether organized under Chapter 14 of this Title relating to cooperative associations generally, or under Chapter 16, which embodies the Rural Electrical Cooperative Act, is not a charitable corporation in the sense in which this term is used in the laws of South Carolina. Byrd v Blue Ridge Rural Electrical Cooperative, Inc. (1954, CA4 SC) 215 F2d 542, cert den 348 US 915, 99 L Ed 717 75 S Ct 295.

### ATTORNEY GENERAL'S OPINIONS

Property of a corporation chartered as eleemosynary is not exempt from ad valorem property taxation because of such incorporation. 1968–69 Ops. Att'y Gen., No 2764, p 252.

A charitable, social or fraternal corporation organized pursuant to Chapter 13, Title 12, is not entitled to an exemption of its properties from the ad valorem property tax unless specifically provided for by the Constitution or by statute. 1965–66 Ops. Att'y Gen., No 2064, p 157.

## § 33-31-20. Written declaration.

Any lodge, church, college, school, society, association, company or corporation organized for the purposes aforesaid may, not less than three days after having given public notice of its intention so to do by one publication in one or more newspapers published in the county in which the organization is perfected, file in the office of the Secretary of State a written declaration signed by two or more of the officers or agents elected or appointed to supervise or manage its affairs setting forth:

    (1) The names and residences of the petitioners;

    (2) The name of the proposed corporation;

    (3) The place at which it proposes to have its headquarters or be located;

    (4) The purpose of the proposed corporation;

    (5) The names and residences of all officers, managers, trustees, directors or other officers or agents of the proposed corporation at the time the application is made; and

    (6) Such other information as it may desire or the Secretary of State may require.

HISTORY: 1962 Code § 12-752; 1952 Code § 12-752; 1942 Code § 8159; 1932 Code § 8159; Civ. C. '22 § 4345; Civ. C. '12 § 2863; Civ. C. '02 § 1903; 1900 (23) 390; 1914 (28) 496; 1915 (29) 190; 1965 (54) 646.

**Cross references—**

Improper use of the name, etc., of an incorporated benevolent, fraternal, social, humane or charitable association, see §§ 16–17–310, 16–17–320.

Irregularities in incorporation, see § 33-31-90.

CASE NOTES

Stated in Bean v Piedmont Interstate Fair Asso. (1955, CA4 SC) 222 F2d 227.

### § 33–31–30. Use of words "Mason" or "Masonic" by subordinate lodges.

The words "Mason" and "Masonic" shall not be used in the charter of any subordinate lodge without the written approval of the grand lodge or parent organization.

**HISTORY:** 1962 Code § 12-752.1; 1958 (50) 1591.

**Cross references—**
Improper use of the name, etc., of an incorporated benevolent, fraternal, social, humane or charitable association, see §§ 16–17–310, 16–17–320.

### § 33–31–50. Issuance of certificate of incorporation; duration.

Upon the filing of the above declaration, accompanied by the First Report of Corporations and the initial license fee of ten dollars, and the payment of a charter fee of fifteen dollars the Secretary of State shall issue to the proposed corporation a certificate of incorporation for the term that may be fixed in the declaration or, in the absence of the limitation, in perpetuity. Provided, that churches, religious organizations, religious societies, religious institutions, and volunteer fire departments shall pay a charter fee of three dollars.

**HISTORY:** 1962 Code § 12-754; 1952 Code § 12-754; 1942 Code § 8160; 1932 Code § 8160; Civ. C. '22 § 4346; Civ. C. '12 § 2864; Civ. C. '02 § 1904; 1900 (23) 390; 1973 (58) 246; 1980 Act No. 364; 1985 Act No. 72 § 5.

**Research and Practice References—**
15 Am Jur 2d, Charities §§ 180 et seq.
18 Am Jur 2d, Corporations §§ 32, 33.
18A Am Jur 2d, Corporations § 728.
18B Am Jur 2d, Corporations § 1992.
36 Am Jur 2d, Fraternal Orders and Benefit Societies §§ 7, 9.
66 Am Jur 2d, Religious Societies §§ 4–7.
14 CJS, Charities §§ 68 et seq.
4 Am Jur Legal Forms 2d, Charities §§ 55:145, 55:146 (articles of incorporation of charitable organization).
6 Am Jur Legal Forms 2d, Corporations §§ 74:804 et seq. (articles of incorporation of nonprofit corporations).
6 Am Jur Legal Forms 2d, Corporations § 74:984 (bylaws as to general voting rights in nonprofit corporations).
6 Am Jur Legal Forms 2d, Corporations §§ 74:1001–74:1004 (bylaws as to membership in nonprofit corporation).
6 Am Jur Legal Forms 2d, Corporations § 74:1021 (bylaws as to nomination of directors and officers of nonprofit corporations).

### § 33–31–60. Investigation prior to issuance of charter; subsequent investigations.

Before issuing a charter of incorporation to any religious, educational, social, fraternal or other nonprofit organization, the Secretary of State shall first conduct an investigation to determine the merits of the claimed eligibility and status of the organization applying for a charter or an amendment to an existing charter. In the conduct of such investigation the Secretary of State is authorized to obtain information and assistance from any state agency including but not limited to the Department of Social Services and the Tax Commission and shall have access to any relevant records of such state agencies. The issuance of any charter of incorporation or amendment thereto subject to the provisions of this section shall constitute certification by the Secretary of State that the required investigation has been conducted and that the results of the investigation indicate that the organization concerned is eligible for the charter issued.

In addition to the initial investigation conducted prior to the issuance of a charter, the Secretary of State may at any time investigate the status of an organization to which a charter has been issued and upon a finding that it no longer qualifies for the charter may at his discretion revoke such charter. Persons aggrieved by the action of the Secretary of State may appeal his decision to the court of common pleas in the judicial circuit where the organization's principal office is located.

**HISTORY:** 1962 Code § 12-755; 1952 Code § 12-755; 1942 Code § 4996-62; 1937 (40) 496; 1947 (45) 489; 1978 Act No. 515.

### § 33–31–70. Approval of charters of subordinate lodges by parent organizations; cancellation.

The Secretary of State shall not issue a charter to any subordinate lodge without prior approval of the grand lodge or parent organization under which the subordinate lodge operates. Upon the request of the grand lodge or parent organization the Secretary of State shall cancel any such charter after due notice to the subordinate lodge.

**HISTORY:** 1962 Code § 12-755.1; 1958 (50) 1591.

### § 33–31–80. Grounds for refusal of charter.

If the Secretary of State has reason to suspect that any such association or society as is mentioned in § 33–31–10 will be operated in violation of law or will keep a place where alcoholic liquors or beverages are to be stored or kept or given away or supplied to its members, then the charter shall be refused.

**HISTORY:** 1962 Code § 12-756; 1952 Code § 12-756; 1942 Code § 8159; 1932 Code § 8159; Civ. C. '22 § 4345; Civ. C. '12 § 2863; Civ. C. '02 § 1903; 1900 (23) 390; 1914 (28) 496; 1915 (29) 190.

### CASE NOTES

Stated in Bean v Piedmont Interstate Fair Asso. (1955, CA4 SC) 222 F2d 227.

## § 33–31–90. Irregularities in incorporation.

No irregularity in complying with the provisions of this article shall be held to vitiate the incorporation until a direct proceeding to set aside and annul the charter be instituted by the proper authorities of the State. And all acts done and contracts entered into shall have the same force and effect as if no irregularity had existed. Any corporation heretofore formed for any of the purposes enumerated in § 33-31-20 shall be deemed to have qualified under the provisions of § 33-31-10.

HISTORY: 1962 Code § 12-757; 1952 Code § 12-757; 1942 Code § 8162; 1932 Code § 8162; Civ. C. '22 § 4348; Civ. C. '12 § 2866; Civ. C. '02 § 1906; 1900 (23) 390; 1965 (54) 646.

### CASE NOTES

When a body assumes to be and act as a corporation, it is presumed that all steps necessary to enable it to act as a corporate entity have been taken, and the rightfulness of its existence and its power to do business cannot be litigated in actions between private parties but can be questioned only by the State. Bean v Piedmont Interstate Fair Asso. (1955, CA4 SC) 222 F2d 227.

The general rule that the existence of a corporation cannot be attacked collaterally on account of irregularities in its formation does not preclude evidence aliunde the charter as to the nature of its business. Bean v Piedmont Interstate Fair Asso. (1955, CA4 SC) 222 F2d 227.

## § 33–31–100. Powers of corporation.

Every corporation chartered under this article shall have the following powers:

  (1) To make contracts and to loan money, under such regulations as may be fixed in the bylaws of the said corporation, possessing the same powers in such respects as individuals now enjoy;

  (2) To borrow money for the purpose of carrying out the objects of its charter, to make notes, bonds or other evidences of debt and to secure the payment of its obligations by mortgage or deed of trust on all or any of its property and franchises, both real and personal;

  (3) To expel or suspend members or associates;

  (4) To enforce the collection of dues and charges under such penalties as may be provided in the bylaws;

  (5) To have succession, by its corporate name, for the period limited in its charter and, when no period is limited, in perpetuity;

  (6) To sue and be sued;

  (7) To use a common seal and to alter the same at pleasure;

  (8) To hold, purchase, lease, mortgage or otherwise dispose of and convey such real and personal estate as is limited by its charter or, if not so limited, such an amount as the business of the corporation requires;

  (9) To appoint such subordinate officers and agents as the business of the corporation requires, prescribe their duties and fix their compensation; and

  (10) To make bylaws not inconsistent with any existing law for the management of its property or the regulation of its affairs.

HISTORY: 1962 Code § 12-758; 1952 Code § 12-758; 1942 Code § 8161; 1932 Code § 8161; Civ. C. '22 § 4347; Civ. C. '12 § 2865; Civ. C. '02 § 1905; 1900 (23) 390; 1966 (54) 2057.

**Cross references—**
Borrowing money by nonprofit public hospital, see § 44-7-60.
Legality of sales of prisoner-made articles or products to nonprofit corporations incorporated under this article, see § 24-3-410.
Effect of consolidation of church corporations, see § 33-33-50.
Powers of business corporations, see § 33-3-102.
Powers of nonprofit corporations created by legislative authority prior to 1900, see § 33-31-110.

**Research and Practice References—**
36 Am Jur 2d, Fraternal Orders and Benefit Societies §§ 25 et seq.
66 Am Jur 2d, Religious Societies §§ 57–59.
14 CJS, Charities § 72.
21 Am Jur Pl & Pr Forms (Rev), Religions Societies, Forms 1 et seq. (corporate matters).
21 Am Jur Pl & Pr Forms (Rev), Religious Societies, Forms 11 et seq. (personnel and members).

### CASE NOTES

Property owners association did not have implied or incidental power to levy a special assessment to pay for bridge repairs and beach nourishment projects since such powers was not necessary to enable the association to carry out its express powers, because the bylaws provided mechanism of annual maintenance charge to finance repairs, and the association could have used its statutory powers to borrow funds under § 33-31-100(2). Lovering v Seabrook Island Property Owners Asso. (1987) 291 SC 201, 352 SE2d 707.

The board of directors of a nonprofit property owners association could not impose a special assessment on the property owners where the protective covenant and each property owner's deed and the bylaws of the association, although authorizing an annual maintenance charge, did not give the association power to levy special assessments, and the special assessment could not sustained as a permitted adjustment to the maintenance charge. Lovering v Seabrook Island Property Owners Asso. (1986, App) 289 SC 77, 344 SE2d 862, mod, in

part on other grounds, vacated, in part on other grounds 291 SC 201, 352 SE2d 707.

A nonprofit corporation has the power to enforce the collection of dues and charges in accordance with the provisions of its bylaws. Lovering v Seabrook Island Property Owners Asso. (1986, App) 289 SC 77, 344 SE2d 862, mod, in part on other grounds, vacated, in part on other grounds 291 SC 201, 352 SE2d 707.

The board of directors of a nonprofit property owners association could not impose special assessments on property owners where the protective covenant in each property owner's deed and the bylaws of the association, although authorizing annual maintenance charge, did not give the association the power to levy special assessments, and a special assessment could not be sustained as a permitted adjustment to the maintenance charge. Lovering v Seabrook Island Property Owners Asso. (1986, App) 289 SC 77, 344 SE2d 862, mod, in part on other grounds, vacated, in part on other grounds 291 SC 201, 352 SE2d 707.

Applied in Frierson v Porter Academy (1950) 217 SC 168, 60 SE2d 82.

Stated in Textile Hall Corp. v Hill (1949) 215 SC 262, 54 SE2d 809.

A corporation whose charter was issued under this chapter has the power amongst others to make contracts, sue and be sued, hold property and make bylaws. Bean v Piedmont Interstate Fair Asso. (1955, CA4 SC) 222 F2d 227.

Charitable corporations have the power to sue and be sued in South Carolina. Byrd v Blue Ridge Rural Electrical Cooperative, Inc. (1954, CA4 SC) 215 F2d 542, cert den 348 US 915, 99 L Ed 717, 75 S Ct 295.

#### ATTORNEY GENERAL'S OPINIONS

A by-law of a non-profit corporation permitting its members to vote by proxy is valid under South Carolina law. 1975–76 Op Atty Gen No 4515, p 375.

### § 33-31-110. Powers of corporations created by legislative authority prior to 1900.

All charitable, social and religious corporations created by legislative authority prior to the year 1900 shall, in addition to the powers theretofore granted them, have all the powers enumerated in § 33-31-100.

HISTORY: 1962 Code § 12-759; 1952 Code § 12-759; 1942 Code § 8168; 1932 (37) 1344; 1963 (53) 89.

### § 33-31-120. Wilful injury to property of corporation shall be a misdemeanor.

Any officer, agent or member of any corporation created under this article who shall knowingly or wilfully injure or damage any property belonging to the corporation, in violation of the charter or bylaws of the corporation, shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine not exceeding one hundred dollars or by imprisonment not exceeding thirty days.

HISTORY: 1962 Code § 12-760; 1952 Code § 12-760; 1942 Code § 1226; 1932

Code § 1226; Cr. C. '22 § 114; Cr. C. '12 § 258; Cr. C. '02 § 198; 1900 (23) 390.

### § 33-31-130. Amendment of charter.

Any corporation organized for the purposes aforesaid may have its charter amended in any particular by the Secretary of State by a majority vote of its members present at a meeting held after notice stating the time, place and purposes thereof, given by publication one time in newspaper published in the county in which the corporation is located or by sending by registered mail such notice to each member not less than five days before the meeting.

HISTORY: 1962 Code § 12-761; 1952 Code § 12-761; 1942 Code § 8164; 1932 Code § 8164; Civ. C. '22 § 4350; Civ. C. '12 § 2868; Civ. C. '02 § 1908; 1900 (23) 390; 1924 (33) 983.

**Cross references—**
Use of certified mail, see § 2–7–90.

**Research and Practice References—**
18 Am Jur 2d, Corporations §§ 92 et seq.
36 Am Jur 2d, Fraternal Orders and Benefit Societies § 17.
66 Am Jur 2d, Religious Societies § 8.
18 CJS, Corporations §§ 80 et seq.
6 Am Jur Legal Forms 2d, Corporations § 74:904 (amendment of corporate articles of nonprofit corporations).

### § 33-31-140. Amendment of charter of corporation sole.

Any corporation sole may have the charter of such corporation amended in any particular by the Secretary of State after publishing notice of such proposed amendment in any newspaper in the county in which the holder of the charter resides once a week for three weeks.

HISTORY: 1962 Code § 12-762; 1952 Code § 12-762; 1942 Code § 8165; 1932 Code § 8165; Civ. C. '22 § 4351; Civ. C. '12 § 2869; Civ. C. '02 § 1909; 1900 (23) 390.

### § 33-31-150. Dissolution of corporation.

Any corporation organized for the purposes aforesaid which shall have accomplished the purpose for which it has been organized or which may desire to wind up its affairs may do so upon a vote of a two-thirds majority of its members at a meeting of which published notice or written notice mailed to each member shall be given. Such notice shall state the purpose of the proposed meeting. A certificate stating such facts shall be filed with the Secretary of State.

HISTORY: 1962 Code § 12-763; 1952 Code § 12-763; 1942 Code § 8163; 1932 Code § 8163; Civ. C. '22 § 4349; Civ. C. '12 § 2867; Civ. C. '02 § 1907; 1900 (23) 390.

§ 33–31–150    Corporations, Associations, etc.

**Cross references—**
Definition of "corporation" or "domestic corporation" may include nonprofit corporation, see § 33-1-400.
Dissolution of corporations for failure to meet reporting, license, or tax requirements, see § 33-14-200.
    Forfeiture of right to operate for refusing examination, see § 33-31-440.
    Revocation of charter after subsequent investigation, see § 33-31-60.

**Research and Practice References—**
19 Am Jur 2d, Corporations §§ 2828, 2895.
36 Am Jur 2d, Fraternal Orders and Benefit Societies §§ 190 et seq.
66 Am Jur 2d, Religious Societies §§ 67, 68.
19 CJS, Corporations § 1684.
76 CJS, Religious Societies §§ 98–100.
6A Am Jur Legal Forms 2d, Corporations § 74:2434 (certificate of election to dissolve nonprofit corporation).

### § 33–31–160. Certified copy of charter or amendment as evidence of incorporation.

A certified copy of the charter and any amendment thereof from the Secretary of State or from the clerk of the court or register of mesne conveyances of the county in which such charter is required to be recorded shall be sufficient evidence of the incorporation of any corporation chartered under this article and of any amendment to its certificate of incorporation.

**HISTORY:** 1962 Code § 12-764; 1952 Code § 12-764; 1942 Code § 8166; 1932 Code § 8166; Civ. C. '22 § 4352; Civ. C. '12 § 2870; Civ. C. '02 § 1910; 1900 (23) 390.

### § 33–31–170. Filing and recording of papers.

All papers required to be filed hereunder and all charters or amendments thereof that may be granted shall be filed under proper numbers and indexed by the Secretary of State. The charter or amendment shall be recorded within thirty days after receipt in the office of the clerk of court or register of mesne conveyances in the county in which the corporation is organized.

**HISTORY:** 1962 Code § 12-765; 1952 Code § 12-765; 1942 Code §§ 7736, 8167; 1932 Code §§ 7736, 8167; Civ. C. '22 §§ 4310, 4353; Civ. C. '12 § 2871; Civ. C. '02 § 1911; 1900 (23) 390; 1917 (30) 36; 1940 (41) 1622.

### § 33–31–180. Immunity from liability.

(A) All directors, trustees, or members of the governing bodies of not-for-profit cooperatives, corporations, associations, and organizations described in subsection (B) are immune from suit arising from the conduct of the affairs of these cooperatives, corporations, associations, or organizations. This immunity from suit is removed when the conduct amounts to wilful, wanton, or gross negligence. Nothing in this section may be construed to grant immunity to the

586

not-for-profit cooperatives, corporations, associations, or organizations.

    (B) Subsection (A) applies to the following:
        (1) electric cooperatives organized under Chapter 49 of Title 33;
        (2) not-for-profit corporations, associations, and organizations, as recognized in and exempted from taxation under Federal Income Tax Code Section 501(c)(3), (c)(6), or (c)(12).

**HISTORY:** 1987 Act No. 192 § 2.

#### ATTORNEY GENERAL'S OPINIONS

Assuming that the Foundation Board of Directors and the Alumni Association's National Council of Clemson University would be "not-for-profit corporations, associations and organizations" recognized in and exempted from taxation under Federal Income Tax Code 501(c)(3), (c)(6), or (c)(12), the board members would be entitled to certain immunity under state law, pursuant to section 33-31-180 of the Code. 1988 Op Atty Gen, No. 88-55, p 158.

### Article 3

### Private Foundations

Sec.
33-31-310. Articles of incorporation of private foundations amended so as to avoid tax liability under Federal Internal Revenue Code.
33-31-320. Express amendment excluding application of § 33-31-310.
33-31-330. Statutory provisions shall not be construed to cause forfeiture or reversion of trust property.
33-31-340. Rights of State are not impaired.

### § 33–31–310. Articles of incorporation of private foundations amended so as to avoid tax liability under Federal Internal Revenue Code.

Notwithstanding any provision of law to the contrary, and except as provided in § 33-31-320, the articles of incorporation of any corporation which is a "private foundation" (as defined in § 509 of the Internal Revenue Code of 1954) shall be amended automatically as of January 1, 1972 to provide that the corporation shall:

    (a) Not engage in any act of "self-dealing" (as defined in § 4941(d) of the Internal Revenue Code of 1954), which would give rise to any liability for the tax imposed by § 4941 of the Internal Revenue Code of 1954;
    (b) Not retain any "excess business holdings" (as defined in § 4943(c) of the Internal Revenue Code of 1954) which

587

would give rise to any liability for the tax imposed by § 4943 of the Internal Revenue Code of 1954;

(c) Not make any investments which would jeopardize the carrying out of any of the exempt purposes of the corporation, within the meaning of § 4944 of the Internal Revenue Code of 1954, so as to give rise to any liability for the tax imposed by § 4944 of the Internal Revenue Code of 1954;

(d) Not make any "taxable expenditures" (as defined in § 4945(d) of the Internal Revenue Code of 1954) which would give rise to any liability for the tax imposed by § 4945 of the Internal Revenue Code of 1954; and

(e) Distribute for the purpose specified in its articles of incorporation for each taxable year amounts at least sufficient to avoid any liability for the tax imposed by § 4942 of the Internal Revenue Code of 1954.

HISTORY: 1962 Code § 12-762.1; 1971 (57) 931.

**Research and Practice References—**
34 Am Jur 2d, Federal Taxation §§ 8035 et seq.
Am Jur Legal Forms 2d, Federal Tax Guide to Legal Forms ¶ 190-N11.

**Federal Aspects—**
Section 509 of Internal Revenue Code of 1954, see 26 USCS § 509.
Sections 4941-4945 of Internal Revenue Code of 1954 and 1986, see 26 USCS §§ 4941-4945.

**Annotations—**
When is corporation, community chest, fund, foundation, or club "organized and operated exclusively" for charitable or other exempt purposes under Internal Revenue Code. 69 ALR2d 871.
Charitable, educational, or religious tax exemption of property held in trust for tax-exempt organization. 94 ALR2d 626.
Prospective use for tax-exempt purposes as entitling property to tax exemption. 54 ALR3d 9.
Power of court to authorize modification of trust instrument because of changes in tax law. 57 ALR3d 1044.

### § 33-31-320. Express amendment excluding application of § 33-31-310.

Any such corporation may amend its articles of incorporation expressly to exclude the application of § 33-31-310, or any portion thereof.

HISTORY: 1962 Code § 12-762.2; 1971 (57) 931.

### § 33-31-330. Statutory provisions shall not be construed to cause forfeiture or reversion of trust property.

Nothing contained in §§ 33-31-310 to 33-31-340 and 62-7-506 shall be construed to cause a forfeiture or reversion of any of the

property of a trust which is subject to such sections, or to make the purposes of such trust impossible of accomplishment.

HISTORY: 1962 Code § 12-762.3; 1971 (57) 931.

**Note—**
Prior to the revision of this volume, Section 33-31-330 contained a reference to Section 21-31-60. Since Section 21-31-60 was repealed by 1986 Act No. 539, § 2, and recodified as Section 62-7-506 by 1986 Act No. 539, § 1, the Legislative Council has directed that Section 62-7-506 be inserted in the text in place of Section 21-31-60.

### § 33-31-340. Rights of State are not impaired.

Nothing in §§ 33-31-310 to 33-31-330 and 62-7-506 shall impair the rights and powers of the courts or the Attorney General of the State of South Carolina with respect to any corporation.

HISTORY: 1962 Code § 12-762.4; 1971 (57) 931.

**Note—**
Prior to the revision of this volume, Section 33-31-340 contained a reference to Section 21-31-60. Since Section 21-31-60 was repealed by 1986 Act No. 539, § 2, and recodified as Section 62-7-506 by 1986 Act No. 539, § 1, the Legislative Council has directed that Section 62-7-506 be inserted in the text in place of Section 21-31-60.

## ARTICLE 5

### INVESTIGATION AND EXAMINATION

SEC.
33-31-410. Investigation by Attorney General authorized.
33-31-420. Requesting permission to make examination.
33-31-430. Use of information is restricted.
33-31-440. Forfeiture of right to operate for refusing examination.
33-31-450. Article is cumulative.

### § 33-31-410. Investigation by Attorney General authorized.

The Attorney General, or any of his assistants or representatives when authorized by the Attorney General, may make investigations into the organization, conduct and management of any nonprofit corporation, domestic or foreign, operating in this State. Every such corporation shall permit the Attorney General, or any of his authorized assistants or representatives, to examine and take copies of all its books, accounts, records, minutes, letters, memoranda, documents, checks, vouchers, telegrams, constitution, bylaws and any and all other records of any such corporation as often as the Attorney General may deem it necessary to show or tend to show that such corporation has been, or is, engaged in acts or conduct in violation of its charter rights and privileges or in violation of any law of this State.

HISTORY: 1962 Code § 12-745; 1958 (50) 1901.


§ 33–31–410      CORPORATIONS, ASSOCIATIONS, ETC.

**ALR and L Ed Annotations—**
Duty of trustees of charitable trust to furnish information and records to attorney general relating to trust administration. 86 ALR2d 1375.

### § 33–31–420. Requesting permission to make examination.

A written request shall be made to the president or other officer of such nonprofit corporation at the time the Attorney General or his assistants or representatives desire to examine the affairs of such corporation, and it shall be the duty of such officer or his agent to immediately permit the Attorney General, or his authorized assistants or representatives, to inspect and examine any of the documents of such corporation.

**HISTORY:** 1962 Code § 12-746; 1958 (50) 1901.

### § 33–31–430. Use of information is restricted.

The Attorney General, or his authorized assistants or representatives, shall not make public or use any document, copy or other information derived in the course of any examination authorized by this article, except in a judicial proceeding to which the State is a party or in a suit by the State to cancel the certificate of domestication or to cause the charter of such corporation to be forfeited or to collect penalties for a violation of the laws of this State or for the information of any officer of this State charged with the enforcement of its laws.

**HISTORY:** 1962 Code § 12-747; 1958 (50) 1901.

### § 33–31–440. Forfeiture of right to operate for refusing examination.

Any foreign nonprofit corporation operating in this State under a certificate of domestication granted under the laws of this State, or any officer or agent thereof, or any domestic nonprofit corporation which shall fail or refuse to permit the Attorney General, or his authorized assistants or representatives, to examine or take copies of any of its documents as provided for in this article, whether they be situated within or without this State, shall thereby forfeit its right to operate in this State and its certificate of domestication or charter shall be cancelled or forfeited.

**HISTORY:** 1962 Code § 12-748; 1958 (50) 1901.

### § 33–31–450. Article is cumulative.

The provisions of this article shall be cumulative of all other laws now in force in this State and shall not be construed as repealing any other means afforded by law for securing testimony or inquiring into the affairs of domestic or foreign corporations.

**HISTORY:** 1962 Code § 12-749; 1958 (50) 1901.



## CHAPTER 33

### Church Corporations

Sec.
33–33–10. Authorization for consolidation.
33–33–20. Submission of plans of consolidation to congregations.
33–33–30. When consolidation becomes effective.
33–33–40. Filing fee.
33–33–50. Effect of consolidation.
33–33–60. Effect on pending actions or proceedings.
33–33–70. Duration of consolidated corporation.

### § 33–33–10. Authorization for consolidation.

Any two or more church corporations, having no capital stock, existing under the laws of this State for religious purposes may consolidate into a single corporation which may be any one of such consolidated corporations or a new corporation to be formed by means of such consolidation.

**HISTORY:** 1962 Code § 12-501; 1952 Code § 12-501; 1950 (46) 2216.

**Cross references—**
Constitutional provision for formation, organization and regulation of corporation, see SC Const, Art 9, § 2.

**Research and Practice References—**
Haynsworth, The 1981 Revision of the South Carolina Business Corporation Act: A critique and agenda for further reform. 33 SC L Rev 449, March, 1982.

### § 33–33–20. Submission of plans of consolidation to congregations.

Whenever a consolidation of two or more such corporations is proposed, identical plans for consolidation, which must include the name of the proposed consolidated corporation, shall be submitted to the congregations of such church corporations proposed to be consolidated at separate meetings of each congregation, held after being called upon notice in the manner customary under the practice, bylaws, rules or regulations of the respective church corporations for the calling of business meetings. Such notices of the calling of such meetings shall advise the members of the respective congregations that a consolidation of the church corporations shall be considered and passed upon at the meeting.

**HISTORY:** 1962 Code § 12-502; 1952 Code § 12-502; 1950 (46) 2216.

### § 33–33–30. When consolidation becomes effective.

If at the meetings of the respective congregations so held two