**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Liberty Property Holdings SC, LLC individually, derivatively on behalf of Renaissance Tower Horizontal Property Regime, and on behalf of a class of all others similarly situated; Azure Bleu, LLC; Edelyne Beauvais-Thomas; Jason E. Blosser; Nicole M. Blosser; Eshellah D. Calhoun; Zachary G. Calhoun; David DiMaio; Linda DiMaio; Susan H. Ferguson; Four Parts Whole, LLC; Sharon M. Hubbard; Carol A. Messenger; Jeffrey S. Palmer; Summalin, Inc.; Terry J. Tuminello; Shelley Ware; and Jonathan S. Williams,<br><br>     Plaintiffs,<br><br>v.<br><br>Jeffrey L. Richardson; William S. Spears; Brent M. Whitesell; Laurie Z. Wunderley; Madeline R. Mercer; Catherine M. Gregor; Dennis J. Sassa; Tracy A. Meadows; Peter A. Grusauskas; and William Douglas Management, Inc.,<br><br>     Defendants. | No. 4:22-cv-03556-RBH<br><br><br><br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND THE COMPLAINT** |

  The above-named Plaintiffs briefly reply in support of their motion to amend. Not one of Defendants' arguments is meritorious.

**I.  Prejudice**

  Defendants claim they would be prejudiced by the amendment because they "would have to completely re-do their motion to dismiss."[1] ECF 23 at 11. This is not what is meant by

---

[1] Defendants argue it would be better for the Court to grant their motion to dismiss without prejudice than to allow the amendment. In either case, the result would be the same: an amended complaint would be filed and Defendants would have to move to dismiss anew.

1

"prejudice" in the context of Rule 15.  Prejudice concerns whether a party will have adequate time and opportunity to defend itself against the new allegations.  *See, e.g.*, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted.  Specifically, we have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial.").

For example, in the *Berenyi* case relied upon by Defendants, the court denied a motion to amend that altered the plaintiff's theory of the case and was filed (i) after the deadline to amend in the scheduling order, (ii) after discovery was complete, and (iii) after summary judgment briefing was completed.  *Berenyi, Inc. v. Nucor Corp. by & through Berkeley Div.*, No. 2:20-CV-03170-DCN, 2022 WL 2719820, at *5 (D.S.C. July 13, 2022) ("Since '[t]he purpose of the rules governing pleading and discovery is to put the opposing party on notice about the underlying basis of each side's case,' that purpose may be defeated if the plaintiff waits until after discovery and after motions for summary judgment have been filed to alter its theory of the case." (citation omitted)).

In contrast, this case is in its infancy;  Defendants have yet to file a responsive pleading, there is no scheduling order, and there has been no discovery.  Nor does the amendment alter the theory of the case.  Defendants are not being denied the opportunity to defend themselves and

2

would therefore suffer no prejudice by this amendment.[2]

Moreover, Plaintiffs' proposed amendment does not change the theory of the case or add new substantive claims; it merely clarifies or amplifies factual allegations already set forth in the original complaint. This is not prejudicial. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) ("[A]ll of the allegations sought to be added in his first amended complaint derived from evidence obtained during discovery regarding matters already contained in the complaint in some form and, except for the allegation that the City carried liability insurance, merely sought to add specificity to those matters. Prejudice to the Defendants could hardly flow from such an addition.").

## II.    Bad Faith

Defendants contend that Plaintiffs' requested amendments—including adding additional Defendants and additional factual allegations—constitutes bad faith because they represent a "purposeful delay for the sole purpose of tactical advantage" and constitute "blatant delay." ECF 23 at 12. Exactly why a group of plaintiffs would wish to purposefully delay the suit they themselves filed is not apparent from Defendants' brief.[3] Plaintiffs note that Defendants claim it would be bad faith not to allege any new facts or claims, but also that it would be bad faith *to* allege new facts or claims.

In any event, Defendants' contentions are without merit. Plaintiffs are not required to be prescient and omniscient when filing suit. *See, e.g., Michaels Bldg. Co. v. Ameritrust Co., N.A.*,

---

[2] In the absence of prejudice, leave to amend should ordinarily be granted. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("absence of prejudice, though not alone determinative, will normally warrant granting leave to amend").

[3] Defendants' contention that Plaintiffs were waiting to avail themselves of the benefits of Defendants' reply brief is unavailing, new matters being impermissible in a reply brief.

848 F.2d 674 (6th Cir. 1988) (noting that even Rule 9(b)'s requirement of pleading fraud with particularity "does not require omniscience" but requires "enough specificity to put defendants on notice as to the nature of the claim"). Plaintiffs regularly amend their complaints to include additional information learned after the original complaint was filed. *See Berenyi, Inc. v. Nucor Corp. by & through Berkeley Div.*, No. 2:20-CV-03170-DCN, 2022 WL 2719820, at *4 (D.S.C. July 13, 2022) ("[I]t is not uncommon for litigants to assert new facts after some discovery has been conducted to build on the allegations in the complaint."); *see also* Michael Moffitt, *Pleadings in the Age of Settlement*, 80 IND. LAW. J. 727, 730 (2005) ("The current pleading system is not designed to lock parties into factual allegations early in the litigation process."). Plaintiffs have done so here and done so promptly.[4]

It is true that Plaintiffs also supplemented certain allegations referenced in Defendants' Motion to Dismiss. As Defendants concede, a dismissal at this stage is usually without prejudice, and plaintiffs are given an opportunity to file a new complaint addressing whatever deficiencies the Court identified as requiring dismissal As Plaintiffs intended to amend anyway, they also amplified certain of the allegations challenged by Defendants, seeking to cover all bases so this case may proceed to discovery without further delay. That is not evidence of bad faith.

**III.     Futility**

"Leave to amend [. . .] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "An amendment is futile if no set of facts can be proved under

---

[4] Plaintiffs expect that additional amendments may be sought based on information learned during discovery.

the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Phillips v. Monday & Assocs., Inc.*, 235 F. Supp. 2d 1103, 1105 (D. Or. 2001) (internal quotation omitted). "This analysis does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that is not a frivolous pursuit." *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 745 (D.N.J. 2000) (internal quotation omitted).

Defendants argue that the amendment would be futile because the Director Defendants are immune from liability and tort claims against William Douglas are barred by the economic loss doctrine.[5]  ECF 23 at 12-15.  Defendants' arguments are flawed, for the reasons already set forth in Plaintiffs' briefing in opposition to Defendants' Motion to Dismiss.[6]  ECF 14.

IV.    **Justice**

In the absence of prejudice to the defendant, Rule 15(a)(2), Fed. R. Civ. P., directs that leave to amend should be freely given "when justice so requires."  In addition to their other arguments, Defendants appear argue that justice does *not* so require because Plaintiffs did not amend within the 21 days in which they could amend as of right following the filing of Defendants' motion to dismiss.  ECF 23 at 11-12.  This argument ignores that pleadings may be amended not only as of right pursuant to Rule 15(a)(1), but also with consent of the opposing

---

[5]  No argument is made, for example, that the addition of E. Wunderley or John Does 1-10 or the HOA as defendants is futile.

[6]  Plaintiffs will not rehash this well-trodden ground except to respond to Defendants' argument that "Plaintiffs do not present any ***factual allegations*** demonstrating that the Director Defendants' failure to act was 'not in good faith.'" ECF 23 at 13 (emphasis in original).  This argument would impose a higher pleading burden than exists under the rules, requiring Plaintiffs to divine details regarding Defendants' state of mind at the pleading stage before having the opportunity to conduct discovery.  This is not the law.

5

parties or with leave of Court pursuant to Rule 15(a)(2).  In other words, Defendants argue that failure to amend pursuant to Rule 15(a)(1) *per se* means that justice does not require the right to amend pursuant to Rule 15(a)(2), rendering Rule 15(a)(2) meaningless.  The argument is without merit.[7]

Defendants' argument that the length of the amended complaint illustrates that justice does not require leave be granted is likewise without merit.  Defendants cite *Fidelity & Guaranty Life Ins Co.* in support of this argument, but that case is inapposite.  The plaintiff in *Fideliy* was denied leave to amend where the proposed second amended complaint was "284 pages long, contain[ed] 2,424 paragraphs, add[ed] over sixty defendants (some of whom [were] anonymous), and attache[d] over a thousand pages of exhibits.  2019 WL 1430100, at *5.

## V.     Conclusion

For the reasons stated above, Plaintiffs request this Court grant their motion to amend.

**[signature on following page]**

---

[7] Defendants also reiterate numerous of their arguments from the Motion to Dismiss briefing (*e.g.*, ECF 23 at 9-10); however, Plaintiffs will not address those again here as they have already been briefed with regard to that Motion.  Further, Defendants argue the nature of the amendment is such that justice would not be served by its filing because, *inter alia*, it adds "a host of new content that has little substance."  This would seem to be an argument about futility rather than justice.  *See supra*.

This 13th day of April, 2023             */s/ Jaan Rannik*
Charleston, South Carolina              EPTING & RANNIK, LLC
                                                     Jaan G. Rannik (Fed. ID No. 12621)
                                                     Clinton T. Magill (Fed. ID No. 12459)
                                                     46A State Street
                                                     Charleston, SC 29401
                                                     P: (843) 377-1871
                                                     F: (843) 377-1310
                                                     jgr@epting-law.com
                                                     ctm@epting-law.com

                                                     THE STEINBERG LAW FIRM, L.L.P.
                                                     F. Elliotte Quinn IV (Fed. ID No. 12563)
                                                     Rachel Igdal (Fed. ID No 12775)
                                                     P.O. Box 2670
                                                     Summerville, SC 29485
                                                     (843) 871-6522 - office
                                                     (843) 871-8565 - facsimile
                                                     equinn@steinberglawfirm.com
                                                     rigdal@steinberglawfirm.com

                                                     *ATTORNEYS FOR PLAINTIFFS*