UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Liberty Property Holdings SC, LLC ) | Civil Action No.: 4:22-cv-03556-RBH |
| individually, derivatively on behalf of ) | |
| Renaissance Tower Horizontal Property ) | |
| Regime, and on behalf of a class of all other ) | |
| similarly situated; Azure Bleu, LLC; ) | |
| Edelyne Beauvais-Thomas; Jason E. ) | |
| Blosser; Nicole M. Blosser; Eshellah D. ) | |
| Calhoun; Zachary G. Calhoun, David ) | |
| DiMaio; Linda DiMaio; Susan H. Ferguson; ) | |
| Four Parts Whole, LLC; Sharon M. ) | |
| Hubbard; Carol A. Messenger; Jeffrey S. ) | |
| Palmer; Summalin, Inc.; Terry J. Tuminello; ) | |
| Shelley Ware; and Jonathan S. Williams, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jeffrey L. Richardson; William S. Spears; ) | |
| Brent M. Whitesell; Laurie Z. Wunderley; ) | |
| Madeline R. Mercer; Catherine M. Gregor; ) | |
| Dennis J. Sassa; Tracy A. Meadows; Peter ) | |
| A. Grusauska; and William Douglas ) | |
| Management, Inc. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiffs' motion to amend the complaint to add: 1) an additional defendant, Edward A. Wunderly; 2) John Doe defendants 1-10; 3) nominal defendant, Renaissance Tower Horizontal Property Regime; and 4) factual allegations to its existing causes of action.

Defendants oppose Plaintiffs' requested amendments arguing that: 1) justice does not require the amendment; 2) the amendment would be prejudicial to the Defendants; 3) Plaintiffs are seeking the amendment in bad faith; and 4) the proposed amendments are futile.  Because Defendants are

incorrect on each of these arguments, the Court grants Plaintiffs' motion to amend the complaint and finds Defendants' motion to dismiss the original complaint moot.[1]

## Background

This a complex case involving numerous parties and a substantial amount in controversy. The case centers around the October 7, 2022, evacuation of the residents of the Renaissance Tower - a high rise condominium building in Myrtle Beach, South Carolina - due to damage to the structural steel and other components rendering the building structurally unsound and unsafe. Since October 7, 2022, the residents have not been permitted to re-enter the Renaissance Tower due to its structural integrity and the danger of collapse.

On October 13, 2022, Plaintiffs filed the instant lawsuit against current and former directors of the Board for the Renaissance Towers Horizontal Property Regime, and William Douglas Management, Inc. for, essentially, failing to take action to repair the structural damage to the Renaissance Tower.

The original complaint alleged three causes of action: 1) breach of fiduciary duty against the individual Director Defendants - Jeffery L. Richardson, William S. Spears, Brent M. Whitesell, Laurie Z. Wunderly, Madeline R. Mercer, Catherine M. Gregor, Dennis J. Sassa, Tracy A. Meadows, and Peter A. Grusauskas ("Director Defendants"); 2) breach of the covenants and by-laws of the Master Deed under the Horizontal Property Act, S.C. Code Ann. §§ 27-31-10 – 27-31-300 against the Director Defendants; and 3) negligence and gross negligence against the Director Defendants and William Douglas Management, Inc. ("William Douglas"), the entity which allegedly

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

served as the community manager for the Renaissance Tower and the Regime and was responsible for the management, operations, maintenance, and repair of the Renaissance Tower and the Regime. ECF No. 1, Complaint at Paragraphs 85, 194.

On December 13, 2022, Defendants filed a motion to dismiss the original complaint arguing, among other things: 1) the Director Defendants are immune from suit under the S.C. Nonprofit Corporation Act, S.C. Code Ann. § 33-31-202(b); 2) the Director Defendants' actions are protected by the business judgment rule; 3) Plaintiffs' claims are barred by the statute of limitations; 4) Defendant William Douglas owed no duty to Plaintiffs and Plaintiffs' claims against William Douglas are barred by the economic loss rule.

## **Discussion**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend a complaint "once as a matter of course" within either 21 days after serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). If the proposed amendment is sought under Rule 15(a)(2), the "court should freely give leave when justice so requires." *Id*. Generally, leave to amend a pleading should be granted unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).

A court should only deny an amendment due to futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The standard for futility is the same as for a motion to dismiss under Rule 12(b)(6). *See*

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir.2008).

Defendants first argue that justice does not require the amended complaint, the amended complaint would be prejudicial, and the amended complaint is sought in bad faith. The Court disagrees with Defendants on each of these points. No scheduling order has been issued in this case and Rule 15(a)(2) places no time limits on when a party may request an amendment. The requested amendment adds parties and factual allegations. Although the proposed amended complaint adds no new causes of action, its new factual allegations support Plaintiffs' already pled claims. No discovery has taken place in this case, and given the substantial amount in controversy and complexity of the case, the Court finds justice requires the proposed amendment.

As to prejudice and bad faith, Defendants' arguments are linked to the timing of Plaintiff's requested amendment. Defendants argue Plaintiffs exhibited bad faith and their requested amendment is untimely because the motion to amend the complaint was filed after Defendants filed a motion to dismiss and the motion to amend was filed after the time period set forth in Fed. R. Civ. P. 15(a)(1)(B) (*amending as a matter of course*).

It is well-settled that no unfair prejudice exists simply because a party has to defend a lawsuit on the merits. *See, e.g. Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). Furthermore, Plaintiffs were not dilatory in filing their motion to amend. As stated above, no discovery has occurred in this case, no scheduling order is in place, and Plaintiff's motion to amend is timely under Fed. R. Civ. P. 15(a)(2). The Court finds that Plaintiff's motion to amend would not be prejudicial to Defendants

and was not filed in bad faith.

Finally, Defendants oppose Plaintiffs' proposed amended complaint on the grounds of futility. Defendants futility arguments mirror the arguments raised in their motion to dismiss. Defendants argue that the Director Defendants are immune from suit under the S.C. Non-Profit Act and their actions are protected by the business judgment rule. With respect to Defendant William Douglas, Defendants argue that any suit for negligence against Defendant William Douglas is barred by the economic loss rule in that Plaintiffs' damages are purely economic and any duties owed by Defendant William Douglas arose solely under contract.

While Defendants' futility arguments are sound summary judgment arguments, under the standard for assessing futility on a motion to amend a complaint, Plaintiff's proposed amended complaint alleges facts that raise the right to relief above the speculative level.

Immunity under the S.C. Non-Profit Act and protection under the business judgment rule both require that the Director Defendants acted in good faith with respect to the alleged acts or omissions. *See* S.C. Code Ann. § 33-31-202(b)(2); *Kuznik v. Bees Ferry Assocs.*, 538 S.E.2d 15, 25 (S.C. Ct. App. 2000) ("Under the business judgment rule, a court will not review the business judgment of a corporate governing board when it acts within its authority and it acts without corrupt motives and in good faith."). At paragraphs 133 and 134 of the proposed amended complaint, Plaintiffs allege the Director Defendants sought to downplay the known structural damage so that they could avoid contributing large assessments and/or sell their units at a price higher than they would have received had they disclosed the true extent of the structural damage to the Renaissance Tower. Additionally, at paragraphs 186(o-q), 198, 202-209, 214, 216, and 244, Plaintiffs allege facts sufficient to overcome an immunity defense or business judgment rule defense at the motion to

dismiss stage. Viewing the proposed amended complaint in the light most favorable to the Plaintiffs, the proposed amended complaint sets forth sufficient facts that, if true, would suggest that the Director Defendants did not act in good faith, and would therefore not be protected by immunity under the S.C. Non-Profit Act or the business judgment rule. Accordingly, the proposed amended complaint is not futile and sets forth claims that are plausible on their face.

In passing, Defendants argue the statute of limitations bars all of Plaintiffs' claims. While the statute of limitations is a valid affirmative defense and has been, at times, invoked to find proposed amendments futile, such is not the case here. It is not apparent from the face of the proposed amended complaint that Plaintiffs' claims are barred by the statute of limitations. *See, e.g. Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 885 (4th Cir. 2023) (stating "[c]laims may be dismissed at the Rule 12(b)(6) stage based upon an affirmative defense, such as the statute of limitations . . ., where the relevant facts 'clearly appear on the face of the complaint'"). Therefore, the proposed amended complaint is not futile on the basis of the statute of limitations. Of course, Defendants may raise this argument at a later, more appropriate time.

With respect to Defendant William Douglas, the economic loss rule does not render Plaintiff's proposed amended complaint futile. In their original complaint, Plaintiffs alleged William Douglas, Inc. served as community manager for the Renaissance Tower and Regime from approximately 2015 until 2020. Complaint, ECF No. 1 at paragraph 85. As manager of the facility, Plaintiffs alleged that William Douglas owed duties to the Regime and its members to exercise due care in the management, operations, maintenance, and repair of the Renaissance Tower and Regime. The proposed amended complaint re-alleges the allegations from the original complaint and also asserts that William Douglas had a "special relationship of trust" with the Regime and homeowners

by virtue of its position as manager of the property and that it undertook responsibility for maintaining the common elements and managing the Regime for the benefit of Plaintiffs. Proposed Amended Complaint, ECF No. 22-1 at paragraph 255. At this stage of the case, and viewing the proposed amended complaint in the light most favorable to the Plaintiffs, the Court cannot say as a matter of law that Plaintiffs' negligence/gross negligence claim against William Douglas is barred by the economic loss rule or that William Douglas did not owe Plaintiffs a duty to exercise due care in the governance, operations, management, maintenance, and repair of the property.

In summary, there is no bad faith on the part of Plaintiffs and Defendants will suffer no prejudice from the proposed amendment to the complaint. Based on the facts alleged in the proposed amended complaint, Plaintiffs' claims are not futile and justice requires the amendment. Accordingly, pursuant to Fed. R. Civ. P. 15(a)(2), the Court grants Plaintiffs leave to amend their complaint.

## **Conclusion**

For the reasons stated above, Plaintiffs' [22] motion to amend the complaint is **GRANTED** and Defendants' [8] motion to dismiss the original complaint is **MOOT**[2] as the Amended Complaint is now the operative complaint in this case. The Clerk is directed to file the First Amended Complaint attached to Plaintiffs' motion to amend. *See* ECF No. 22-1.

IT IS SO ORDERED.

| | |
|---|---|
| June 20, 2023 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | Chief United States District Judge |

---

[2] It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at original pleadings are to be denied as moot. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir.2001).