**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Liberty Property Holdings SC, LLC *individually,* *derivatively on behalf of* Renaissance Tower Horizontal Property Regime, *and on behalf of a class of all others similarly situated*; Azure Bleu, LLC; Edelyne Beauvais-Thomas; Jason E. Blosser; Nicole M. Blosser; Eshellah D. Calhoun; Zachary G. Calhoun; David DiMaio; Linda DiMaio; Susan H. Ferguson; Four Parts Whole, LLC; Sharon M. Hubbard; Carol A. Messenger; Jeffrey S. Palmer; Summalin, Inc.; Terry J. Tuminelo; Shelley Ware; and Jonathan S. Williams, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.:  4:22-cv-03556-RBH |
| Plaintiffs, | ) ) | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | ) ) ) | (Jury Trial Demanded) |
| Jeffrey L. Richardson; William S. Spears; Brent M. Whitesell; Laurie Z. Wunderley; Madeline R. Mercer; Catherine M. Gregor; Dennis J. Sassa; Tracy A. Meadows; Peter A. Grusauskas; and Edward A. Wunderley, *in their capacities as former and current co-owners and directors constituting the Board for Renaissance Towers Horizontal Property Regime*; William Douglas Management, Inc., and John Doe 1-10, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| Renaissance Tower Horizontal Property Regime, | ) ) | |
| Nominal Defendant. | ) ) ) | |

The above-named Defendants (hereinafter "Defendants" or addressed individually), by and through their undersigned attorneys, hereby submit their Answer to the Plaintiffs' First Amended Complaint as follows:

1.      Each and every allegation of Plaintiffs' Amended Complaint not hereinafter expressly admitted, qualified and/or explained is denied.

1

2.       Defendants deny the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint and strict proof thereof is demanded. Further answering, Defendants object to Paragraph 1 of the Plaintiffs' Amended Complaint on the grounds that portions of the allegations contained therein lack foundation and relevance to the claims at issue in this litigation and move to strike these allegations from the Amended Complaint.

3.       In response to Paragraph 2 of Plaintiffs' Amended Complaint, Defendants admit only that the Renaissance Tower building is a high-rise condominium building located adjacent to the Atlantic Ocean. Defendants lack information sufficient to respond to the remaining allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded. Further answering, Defendants object to Paragraph 2 of the Plaintiffs' Amended Complaint on the grounds that portions of the allegations contained therein lack foundation and relevance to the claims at issue in this litigation and move to strike these allegations from the Amended Complaint.

4.       Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Amended Complaint and strict proof thereof is demanded. Further answering, Defendants object to Paragraph 3 of the Plaintiffs' Amended Complaint on the grounds that portions of the allegations contained therein lack foundation and relevance to the claims at issue in this litigation and move to strike these allegations from the Amended Complaint.

5.       Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Amended Complaint and strict proof thereof is demanded. Further answering, Defendants object to Paragraph 4 of the Plaintiffs' Amended Complaint on the grounds that portions of the allegations contained therein lack foundation and relevance to the claims at issue in this litigation and move to strike these allegations from the Amended Complaint.

6.      Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

7.      In response to Paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit only that construction contractors commenced the structural steel repair project at the Renaissance Tower building in October of 2022. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

8.      In response to Paragraph 7 of Plaintiffs' Amended Complaint, Defendants admit only that construction contractors contacted an engineer to evaluate the steel columns after exterior finishes were removed to expose the outside surface of the steel columns. Defendants lack information sufficient to respond to the remaining allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

9.      In response to Paragraph 8 of Plaintiffs' Amended Complaint, Defendants crave reference to the inspecting engineer's report and the findings therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 8 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

10.      In response to Paragraph 9 of Plaintiffs' Amended Complaint, Defendants admit only that an engineer ordered the building be evacuated. Defendants lack information sufficient to respond to the remaining allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

11.      Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

12.     Defendants object to the photographs contained between Paragraphs 10 and 11 of the Plaintiffs' Amended Complaint on the grounds that the photographs lack foundation and relevance and move to strike these photographs from the Amended Complaint. To the extent the photographs require a response, Defendants lack sufficient information to admit or deny the photographs and therefore deny the same and demand strict proof thereof.

13.     Defendants lack information sufficient to respond to the allegations contained in Paragraphs 11 and 12 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

14.     Defendants deny the allegations contained in Paragraphs 13, 14, 15, and 16 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

15.     Defendants lack information sufficient to respond to the residency allegations contained in Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, and 52 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

16.     Defendants admit the residency allegations contained in Paragraphs 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, and 63 of the Plaintiffs' Amended Complaint.

17.     In response to Paragraph 64 of Plaintiffs' Amended Complaint, Defendants admit only that Defendants Richardson, Spears, Whitesell, L. Wunderley, Mercer, Gregor, Sassa, Meadows, Grusauskas, and E. Wunderley were directors on the Board of Directors for The Renaissance Tower Horizontal Property Regime Council of Co-Owners. Defendants deny the remaining allegations contained in Paragraph 64 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

18.     Defendants admit the allegations contained in Paragraph 65 of the Plaintiffs'

Amended Complaint.

19.     Defendants lack information sufficient to respond to the allegations contained in Paragraph 66 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

20.     Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

21.     In response to Paragraph 68 of Plaintiffs' Amended Complaint, Defendants admit only The Renaissance Tower Horizontal Property Regime is a nonprofit entity organized and existing in the State of South Carolina. In response to the remaining allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint, Defendants crave reference to the Master Deed and By-Laws of The Renaissance Tower Horizontal Property Regime and deny any allegations inconsistent therewith.

22.     Paragraph 69 of Plaintiffs' Amended Complaint does not contain any allegations. By way of further response, to the extent that Paragraph 69 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

23.     In response to Paragraph 70 of Plaintiffs' Amended Complaint, Defendants admit only that the real property at issue is located in Horry County, South Carolina. The remaining allegations contained in Paragraph 70 of the Plaintiffs' Amended Complaint are denied, and strict proof thereof is demanded.

24.     Paragraphs 71 and 72 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraphs 71 and 72 of Plaintiffs' Amended Complaint attempt to

allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

25.     Defendants admit the allegations contained in Paragraph 73 of the Plaintiffs' Amended Complaint.

26.     Paragraph 74 of Plaintiffs' Amended Complaint contains statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraph 74 of Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

27.     Defendants admit the allegations contained in Paragraphs 75 and 76 of the Plaintiffs' Amended Complaint.

28.     In response to Paragraph 77 of Plaintiffs' Amended Complaint, Defendants admit only that ownership of a unit at Renaissance Tower is subject to the Master Deed. Defendants lack information sufficient to respond to the remaining allegations contained in Paragraph 77 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

29.     In response to Paragraph 78 of Plaintiffs' Amended Complaint, Defendants crave reference to the Master Deed referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 78 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

30.     Defendants admit, upon information and belief, the allegations contained in Paragraphs 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, and 89 of Plaintiffs' Amended Complaint.

31.     In response to Paragraphs 90, 91, 92, 93, and 94 of Plaintiffs' Amended Complaint, Defendants crave reference to the Master Deed referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraphs 90, 91, 92, 93, and 94 of the Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

32.     Defendants deny the allegations contained in Paragraphs 95, 96, 97, and 98 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

33.     Defendants lack information sufficient to respond to the allegations contained in Paragraph 99 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

34.     Defendants admit the allegations contained in Paragraph 100 of the Plaintiffs' Amended Complaint.

35.     In response to Paragraph 101 of Plaintiffs' Amended Complaint, Defendants crave reference to Timothy P. Donohue's report and the findings therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 101 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

36.     Defendants lack information sufficient to respond to the allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

37.     Defendants deny the allegations contained in Paragraphs 103, 104, 105, 106, 107,

108, 109, 110, 111, 112, 113, and 114 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

38.    In response to Paragraph 115 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 115 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

39.    Defendants deny the allegations contained in Paragraphs 116 and 117 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

40.    In response to Paragraph 118 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 118 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

41.    Defendants deny the allegations contained in Paragraphs 119, 120, and 121 of Plaintiffs' Amended Complaint and strict proof thereof is demanded. Further answering, Defendants object to Paragraph 121 of the Plaintiffs' Amended Complaint on the grounds that portions of the allegations contained therein lack foundation and relevance to the claims at issue in this litigation and move to strike these allegations from the Amended Complaint.

42.    Defendants admit the allegations contained in Paragraph 122 of Plaintiffs' Amended Complaint.

43.    Defendants deny the allegations contained in Paragraphs 123, 124, and 125 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

44.    Defendants lack information sufficient to respond to the allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

45.    In response to Paragraph 127 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 127 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

46.    Defendants lack information sufficient to respond to the allegations contained in Paragraph 128 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

47.    Defendants deny the allegations contained in Paragraph 129 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

48.    In response to Paragraph 130 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 130 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

49.    Defendants deny the allegations contained in Paragraphs 131, 132, 133, and 134 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

50.    Defendants lack information sufficient to respond to the allegations contained in Paragraphs 135 and 136 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

51.    Defendants admit, upon information and belief, the allegations contained in Paragraph 137 of Plaintiffs' Amended Complaint.

52.    In response to Paragraph 138 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 138 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

53.    Defendants admit the allegations contained in Paragraph 139 of Plaintiffs' Amended Complaint.

54.    In response to Paragraph 140 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 140 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

55.    Defendants lack information sufficient to respond to the allegations contained in Paragraph 141 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

56.    Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

57.    Defendants lack information sufficient to respond to the allegations contained in Paragraphs 143, 144, 145, 146, 147, 148, 149, and 150 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

58.    Defendants deny the allegations contained in Paragraph 151, 152, 153, 154, 155,

156, 157, 158, 159, 160, 161, 162, 163, and 164 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

59.    In response to Paragraph 165 of Plaintiffs' Amended Complaint, Defendants reiterate each and every prior paragraph of this Answer fully and completely as if set forth herein verbatim.

60.    Defendants lack information sufficient to respond to the allegations contained in Paragraph 166 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

61.    Defendants deny the allegations contained in Paragraph 167 of Plaintiffs' Amended Complaint directed at Defendants and strict proof thereof is demanded. Defendants lack information sufficient to respond to the remaining allegations contained in Paragraph 167 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

62.    Paragraphs 168, 169, 170, 171, and 172 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraphs 168, 169, 170, 171, and 172 of Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

63.    Defendants deny the allegations contained in Paragraph 173 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

64.    Paragraph 174 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraph 174 of Plaintiffs' Amended Complaint attempts to allege or

does allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

65. Defendants deny the allegations contained in Paragraph 175 of Plaintiffs' Amended Complaint directed at Defendants and strict proof thereof is demanded. Defendants lack information sufficient to respond to the remaining allegations contained in Paragraph 175 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

66. Paragraphs 176, 177, and 178 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same. By way of further response, to the extent that Paragraphs 176, 177, and 178 of Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

67. Defendants lack information sufficient to respond to the allegations contained in Paragraph 179 of Plaintiffs' Amended Complaint; accordingly, those allegations are denied and strict proof thereof is demanded.

68. Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

69. In response to Paragraph 181 of Plaintiffs' Amended Complaint, Defendants reiterate each and every prior paragraph of this Answer fully and completely as if set forth herein verbatim.

70. Paragraphs 182 and 183 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same. By way of further response, to the extent that Paragraphs 182 and 183 of Plaintiffs' Amended Complaint

attempt to allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

71.     Paragraph 184 of Plaintiffs' Amended Complaint does not contain allegations that require a response from Defendants.  By way of further response, to the extent that Paragraph 184 of Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

72.     Paragraph 185 of Plaintiffs' Amended Complaint contains statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraph 185 of Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

73.     Paragraph 186 of Plaintiffs' Amended Complaint contains statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  Further answering, Defendants deny the allegations contained in the subparts to Paragraph 186 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

74.     Paragraphs 187, 188, 189, 190, and 191 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same. By way of further response, to the extent that Paragraphs 187, 188, 189, 190, and 191 of Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

75.     Defendants deny the allegations contained in Paragraph 192 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

76.    In response to Paragraph 193 of Plaintiffs' Amended Complaint, Defendants reiterate each and every prior paragraph of this Answer fully and completely as if set forth herein verbatim.

77.    In response to Paragraph 194 of Plaintiffs' Amended Complaint, Defendants admit that the directors on the Board owed fiduciary duties to the Regime and its members as provided by the applicable law and deny any allegations inconsistent therewith.

78.    In response to Paragraph 195 of Plaintiffs' Amended Complaint, Defendants admit only that the directors on the Board owed fiduciary duties to the Regime and its members as provided by the applicable law and deny any allegations inconsistent therewith.

79.    In response to Paragraph 196 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraph 196 of the Plaintiffs' Amended Complaint attempts to allege or does allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

80.    In response to Paragraph 197 of Plaintiffs' Amended Complaint, Defendants admit only that the directors on the Board owed fiduciary duties to the Regime and its members as provided by the applicable law and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 197 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

81.    In response to Paragraph 198 of Plaintiffs' Amended Complaint, Defendants admit only that the directors on the Board owed fiduciary duties to the Regime and its members as provided by the applicable law and deny any allegations inconsistent therewith.

82.    Defendants deny the allegations contained in Paragraphs 199, 200, 201, 202, 203,

204, 205, 206, 207, 208 (including subparts), 209 (including subparts), 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, and 224 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

83.     In response to Paragraph 225 of Plaintiffs' Amended Complaint, Defendants reiterate each and every prior paragraph of this Answer fully and completely as if set forth herein verbatim.

84.     Paragraphs 226, 227, 228, 229, 230, and 231 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraphs 226, 227, 228, 229, 230, and 231 of Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

85.     In response to Paragraphs 232 and 233 of Plaintiffs' Amended Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraphs 232 and 233 of the Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

86.     Paragraphs 234, 235, and 236 of Plaintiffs' Amended Complaint contain statements and/or conclusions of law, and Defendants are not required to admit or deny the same.  By way of further response, to the extent that Paragraphs 234, 235, and 236 of Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error or omission as to Defendants, those allegations are denied and strict proof thereof is demanded.

87.     In response to Paragraphs 237, 238, 239, and 240 of Plaintiffs' Amended

Complaint, Defendants crave reference to writing referenced therein and deny any allegations inconsistent therewith. By way of further response, to the extent that Paragraphs 237, 238, 239, and 240 of the Plaintiffs' Amended Complaint attempt to allege or do allege any cause of action, claim, act, error, or omission as to Defendants, those allegations are denied, and strict proof thereof is demanded.

88.    Defendants deny the allegations contained in Paragraphs 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, and 251 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

89.    In response to Paragraph 252 of Plaintiffs' Amended Complaint, Defendants reiterate each and every prior paragraph of this Answer fully and completely as if set forth herein verbatim.

90.    In response to Paragraphs 253 and 254 of Plaintiffs' Amended Complaint, Defendants admit only that the Regime, through the Board, had certain powers and duties as provided by the applicable law and Master Deed and deny any allegations inconsistent therewith.

91.    Defendants deny the allegations contained in Paragraphs 255, 256, 257, 258, 259, 260, 261, 262, and 263 of Plaintiffs' Amended Complaint and strict proof thereof is demanded.

92.    Defendants also deny the allegations contained in the "Wherefore" Paragraph of Plaintiffs' Amended Complaint, which is the remainder of Plaintiffs' Amended Complaint, and strict proof thereof is demanded.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

93.    Plaintiffs' Amended Complaint fails to state any claims upon which relief can be granted as to Defendants, and Plaintiffs' Amended Complaint should, therefore, be dismissed pursuant to Rule 12(b)(6), *FRCP*.

16

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

94.     Defendants would allege and show that the Plaintiffs' claims are barred by any and all applicable statute of limitation.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

95.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to take prompt and reasonable action under the circumstances to avoid and/or mitigate the alleged (or additional) damage.  Such failure to mitigate damages constitute a complete defense as to that portion of damages which could have been otherwise avoided.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Unclean Hands, Laches, Waiver, and/or Estoppel)**

96.     Plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Lack of Causation)**

97.     Plaintiffs' claims are barred against Defendants, in whole or part, to the extent that Plaintiffs' damages, if any, were not caused by Defendants.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Unconstitutionality of Punitive Damages)**

98.     An award of punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

   a.   the judiciary's ability to correct a punitive damages award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

   b.   any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c.   any award of punitive damages based upon the wealth of Defendant violates due process guarantees;

d.   the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.   an excessive award of punitive damages violates the due process guarantees of Defendant;

f.   an award of punitive damages that is neither reasonable nor proportionate to the alleged wrong committed is irrational, arbitrary, furthers no legitimate purpose, and is an unconstitutional deprivation of the property of Defendant;

g.   an award of punitive damages that is grossly disproportionate to any compensatory damages awarded violates Defendant 's due process guarantees;

h.   an award of punitive damages based solely on vicarious liability or the doctrine of respondeat superior is violative of due process guarantees;

i.   due to the lack of standards for determining punitive damages, Defendant lacks fair notice of the punishment to which it could be subjected;

j.   even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

k.   an award of punitive damages that does not comport with the three guideposts articulated in State Farm Mutual Automobile Insurance Company v. Campbell fails to satisfy constitutional due process guarantees; and

l.   Plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth Defendant.


**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Improper Claim for Punitive Damages)**

99.    Punitive damages are inappropriate in this case, as Defendants did not engage in

any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages

would be based.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Economic Loss Rule)**

100.    Plaintiffs' recovery in this matter, if any, is limited by the Economic Loss Rule as it exists in the State of South Carolina and, therefore, Plaintiffs are not entitled to recover in tort for purely economic losses.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Lack of Proximate Cause)**

101.    Plaintiffs' Amended Complaint is barred, in whole or in part, in that no action of Defendants was the proximate cause of any damage to Plaintiffs, nor did any action of Defendants proximately contribute to Plaintiffs' alleged damages.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Failure to Join Necessary Parties)**

102.    Plaintiffs have failed to join parties needed for just adjudication pursuant to Rule 19, *FRCP*.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Comparative Negligence)**

103.    Defendants would allege and show that any damages sustained by Plaintiffs as alleged in the Amended Complaint, which are denied, were due to, caused, and/or occasioned by Plaintiffs' own acts of comparative negligence, which acts on the part of Plaintiffs combined and contributed and concurred with any negligence on the part of Defendants, which is denied, without which the alleged incident and resulting alleged damages would not have occurred or been sustained. Defendants do plead such comparative negligence as the direct and proximate cause of the damages sustained by Plaintiffs as alleged in the Amended Complaint. Accordingly, Defendants are entitled to a determination of the percentage with which Plaintiffs' own comparative negligence contributed to this incident and Plaintiffs' alleged damages and to the

reduction of any sum awarded to Plaintiffs by an amount equal to the percentage of Plaintiffs' own comparatively negligent conduct.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Intervening and Superseding Negligence)**

104.    Defendants would allege and show that any damages sustained by Plaintiffs as alleged in the Amended Complaint, which are denied, were due to, caused, and/or occasioned by the intervening and superseding negligence of some other party or parties over whom Defendants had no supervision or control, and Defendants do plead such intervening and superseding negligence as the direct and proximate cause of the damages sustained by Plaintiffs as alleged in the Amended Complaint.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

105.    Plaintiffs' claims are barred by the doctrine of assumption of the risk.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Class Action)**

106.    Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated.  The potential claims of the purported class members reflect variability.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Business Judgment Rule)**

107.    All actions taken by Defendants with respect to Plaintiffs' claims were made in good faith, within Defendants' authority, and supported by legitimate business reasons.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(S.C. Code Ann. § 33-31-202)**

108.    Plaintiffs' claims against Director Defendants are barred by the South Carolina Nonprofit Corporation Act.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Derivative Claims Fail to Meet Federal Pleading Requirements)**

109.    Plaintiffs' derivative claims failed to meet the pleading requirements under Rule 23.1, *FRCP*.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(S.C. Code Ann. § 15-32-510 et. seq.)**

110.    Defendants do plead the limitations on damage awards codified in S.C. Code Ann. § 15-32-510 et. seq. and request bifurcation in accordance with these code sections.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Vague, Uncertain, and Insufficient Facts)**

111.    Plaintiffs' claims are barred because they are vague, uncertain, and fail to set forth sufficient facts to constitute any cause of action against Defendants.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Good Faith and Good Cause)**

112.    At all times relevant hereto, Defendants acted in good faith and/or with good cause and have not violated any rights which may be secured to Plaintiffs under any federal, state, city, or local laws, rules, regulations, codes, or guidelines.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Lack of Jurisdiction, Improper Venue, and Insufficient Process)**

113.    Defendants raise the defenses of lack of subject matter jurisdiction, personal jurisdiction, improper venue, insufficiency of service of process, and insufficiency of process.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**(Reliance on Other Defenses)**

114.    Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants pray that the same be dismissed and forever barred, together with the costs and disbursements of this action, and for such other and further relief as this Court deems proper. Defendants also requests a trial by jury.

Dated: August 4, 2023

**GORDON REES SCULLY MANSUKHANI**

*s/Peter G. Siachos*
Peter G. Siachos (Fed. ID 7591)
Matthew K. Harrison (Fed. ID 12939)
40 Calhoun Street, Suite 350
Charleston, SC 29401
Tel: (843) 278-5900
psiachos@grsm.com
mharrison@grsm.com
*Attorneys for Defendants*