UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nicole M. Blosser, individually, derivatively on behalf of Renaissance Tower Horizontal Property Regime, and on behalf of a class of all others similarly situated;[1] Azure Bleu, LLC; Edelyne Beauvais-Thomas; Jason E. Blosser;; Eshellah D. Calhoun; Zachary G. Calhoun; David DiMaio; Linda DiMaio; Susan H. Ferguson; Four Parts Whole, LLC; Sharon M. Hubbard; Liberty Property Holdings SC, LLC; Carol A. Messenger; Jeffrey S. Palmer; Summalin, Inc.; Terry J. Tuminello; Shelley Ware; and Jonathan S. Williams, <br><br> Plaintiffs, <br><br> v. <br><br> Jeffrey L. Richardson; William S. Spears; Brent M. Whitesell; Laurie Z. Wunderley; Madeline R. Mercer; Catherine M. Gregor; Dennis J. Sassa; Tracy A. Meadows; Peter A. Grusauskas; and William Douglas Management, Inc., <br><br> Defendants, <br><br> Renaissance Tower Horizontal Property Regime, <br><br> Nominal Defendant. | C/A No.: 4:22-cv-03556-SAL <br><br><br> **ORDER GRANTING CONSENT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND DERIVATIVE ACTION SETTLEMENT** |

    This matter is before the court on the parties' Consent Motion for Preliminary Approval of

Settlement, ECF No. 96 ("Motion").[2] With Plaintiff Nicole Blosser acting on behalf of a proposed

---

[1] The court granted Plaintiffs' motion to substitute Nicole M. Blosser as the representative for the putative class and for the derivative claims on March 11, 2025. [ECF No. 88.]
[2] For purposes of this order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated by reference.

1

class and derivatively on behalf of the Renaissance Tower Horizontal Property Regime ("HPR"), Plaintiffs assert claims against Defendants Jeffrey L. Richardson, William S. Spears, Brent M. Whitesell, Laurie Z. Wunderley, Madeline R. Merce, Catherine M. Gregor, Dennis J. Sassa, Tracy A. Meadows, and Peter A. Grusauskas, current or former members of the Board of Directors of the HPR.[3] Renaissance Tower Horizontal Property Regime is a nominal defendant. Plaintiffs allege Defendants breached their fiduciary duties as board members, breached the covenants and by-laws of the HPR, and were negligent and grossly negligent in relation to the inspection, maintenance, and repair of the structural steel supporting the Renaissance Tower building in Myrtle Beach and a lack of reserves to fund repairs to that steel. Defendants denied and continue to deny the allegations, claims, and contentions of Plaintiffs and deny that they are liable to the proposed class or to the HPR.

The parties now seek preliminary approval of a settlement of the class and derivative claims asserted by Plaintiff Blosser as part of a settlement of all claims asserted by Plaintiffs. The terms of the settlement are set out in the Settlement Agreement filed as Exhibit C to the Motion. [ECF No. 96-3.]

Having reviewed and considered the proposed settlement, the Settlement Agreement, and the accompanying and supporting papers, the court **ORDERS** as follows:

## **PRELIMINARY APPROVAL**

1.     The court preliminarily approves the Settlement Agreement, including all exhibits thereto, including the allocation of settlement funds to Class Members based on the percentage ownership of a Class Member's condominium in relation to the total percentage ownership of all condominiums in the Class and the allocation of settlement funds to the HPR, as fair, reasonable,

---

[3] Defendant William Douglas Management, Inc. was voluntarily dismissed. [ECF No. 75.]

and adequate and within the range of reasonableness for preliminary settlement approval. The court finds that: (1) the Settlement Agreement resulted from extensive arm's length negotiations with a mediator and (2) the Settlement Agreement, the proposed allocation of the settlement funds, and the proposed notices and other documents are sufficient to warrant the issuance of notice to the Class Members and the HPR's members and a full hearing on the approval of the settlement.

2.     All proceedings in this action shall remain stayed except proceedings relating to approval of the settlement.

## PRELIMINARY FINDINGS ON CLASS CERTIFICATION

3.     Pursuant to the Settlement Agreement and for purposes of the Motion only, the court preliminarily certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23:

> All persons or entities who owned a residential condominium unit in the Renaissance Tower Horizontal Property Regime on October 7, 2022, excluding: (a) any Judge presiding over this action and members of their families; (b) Defendants and their spouses, parents, children, siblings, and any entity for which a majority ownership interest is held alone or in combination by Defendants and their spouses, parents, children, and siblings; and (c) all persons who properly execute and file a timely request for exclusion from the Class in accordance with the orders of this Court and the Federal Rules of Civil Procedure.

4.     In connection with this preliminary certification, the court makes the following findings for purposes of this Motion and Settlement Agreement only:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. The class definition is ascertainable, and the class is defined using objective criteria enabling the definitive determination of membership through public records;

   c. There are questions of law or fact common to the Settlement Class for purposes of determining whether the court should approve the settlement;

   d. The Class Representative's claims are typical of the claims resolved through the proposed Settlement Agreement;

  e. The Class Representative is capable of fairly and adequately protecting the interests of the Settlement Class;

  f. The questions of law or fact common to the Settlement Class predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class.

5. The court appoints Nicole M. Blosser as Class Representative.

6. The court appoints F. Elliotte Quinn IV and Rachel Igdal of The Steinberg Law Firm, LLC and Jaan G. Rannik of Epting & Rannik, LLC as Class Counsel.

## ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

7. A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the *Blosser, et al. v. Richardson, et al.* Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $1,140,000.00 and any interest earned thereon. The Settlement Fund shall be administered as follows:

  a. The Settlement Fund is established exclusively for the purposes of: (i) making distributions to the Class as specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all fees and expenses of the Claims Administrator; (iii) making payments for all Attorneys' Fees and Costs to Class Counsel as awarded by the court. Other than the payment of fees and expenses of the Claims Administrator or as otherwise expressly provided by the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Effective Date.

b. Defendant or their insurers shall timely furnish a statement to the Claims Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants or their insurers make a transfer to the Settlement Fund.

c. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Settlement Fund to be paid; and (2) their agreement to cooperate in the settlement administration as set forth in the Settlement Agreement.

d. The oversight of the Settlement Fund is the responsibility of the Claims Administrator. The status and powers of the Claims Administrator are as defined by this Order and the Settlement Agreement.

e. The funds caused to be paid by the Defendants and/or their insurers into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its terms and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement

5

        Agreement is not approved by the court or the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the date of the execution of the Mediation Settlement Agreement.

    f.    The Claims Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional orders issued by the court.

    g.    The Settlement Fund shall expire after the Claims Administrator distributes all of the assets of the Settlement Fund in accordance with the terms of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind, including income taxes, and any interest, penalties, or additions to such amounts, are, in the Claims Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

    h.    The Settlement Fund shall be used to make payments to Class Members under the terms of the Settlement Agreement.

## NOTICE AND ADMINISTRATION

8.    The court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq" or "Claims Administrator") as the Claims Administrator for providing notice to the Class Members and the HPR's members, receipt of and distributions from the Settlement Fund, and otherwise assisting in the administration of the settlement as set forth in the Settlement Agreement.

9.    The court finds that giving Class Members notice of the settlement is justified under Rule 23(e) of the Federal Rules of Civil Procedure because, as described above, the court will

likely be able to approve the settlement under Fed. R. Civ. P. 23(e) and certify the Settlement Class for purposes of judgment.

10. Plaintiffs, through the Claims Administrator, shall provide the Class Members and the HPR's members with notice pursuant to the Notice Plan set forth in Exhibit C to the Motion.

11. The court finds that the notice program described in the Notice Plan and the manner of its dissemination are consistent with Fed. R. Civ. P. 23(c)(2) and 23.1(c). The program of class notice proposed represents the best practicable notice under the circumstances and is reasonably calculated to apprise Class Members of the nature of the litigation; the scope of the Settlement Class; a summary of the class claims; that the court will exclude the Class Members if they so request by a specified date; that the judgment will include all members who do not request exclusion; and that any member who does not request exclusion may object to the terms of this settlement or enter an appearance through their counsel. The program of derivative action notice proposed represents the best practicable notice under the circumstances and is reasonably calculated to apprise the HPR's members of the nature of the litigation and the nature of the settlement.

12. The court further finds that the class notice program constitutes due, adequate, and sufficient notice to all persons entitled to receive notice such that it meets the requirements of due process and Fed. R. Civ. P. 23(e).

13. Notice shall be initiated within seven days of the entry of this Order. The Notice shall provide specific dates for the deadlines set forth below. If the calculation of any deadline would result in the deadline falling on a weekend or federal holiday, the deadline shall be the next business day thereafter.

**SETTLEMENT CLASS EXCLUSIONS AND OBJECTIONS**

14. Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Claims Administrator in writing postmarked no later than sixty days from the entry of this Order.

15. To be valid, each request for exclusion must:

    a. Contain a reference to this case, "Blosser, et al. v. Richardson, et al., Case No. 4:22-cv-03556-SAL";

    b. Include the Class Member's full name, address, and telephone number;

    c. State in clear and unambiguous language the desire to not be included in the Settlement Class in this case and the understanding that exclusion from the Settlement Class will result in not receiving any benefits or compensation from the lawsuit and not being able to object to the settlement;

    d. Include the Class Member's signature;

    e. Be signed, postmarked, and mailed to the mailing address of the Claims Administrator as follows:

        P.O. Box 2380
        Portland, OR 92708-2380

16. All Class Members who do not opt out and exclude themselves from the Settlement Class shall be bound by the terms of the Settlement Agreement upon entry of a final order of judgment.

17. Settlement Class Members who wish to object to the Settlement Agreement or Class Counsel's application for an award of attorney's fees may do so in a written submission to the court, postmarked no later than sixty days after entry of this Order.

18. Only Settlement Class Members who have filed such written notices of objection

8

will be entitled to be heard at the Final Approval Hearing unless the court orders otherwise.

19. A written objection must:

  f. Contain a reference to this case, "Blosser, et al. v. Richardson, et al., Case No. 4:22-cv-03556-SAL";

  g. Include the Class Member's full name, address, and telephone number;

  h. State whether the Class Member is represented by counsel;

  i. If represented by counsel, include the counsel's full name, address, and telephone number;

  j. Include a written statement of all grounds for the objection, a statement of the factual and legal basis for each objection, and any exhibits the objector wishes the court to consider in connection with the objection;

  k. Include a statement of whether the Class Member intends to appear at the Final Approval Hearing;

  l. Include proof of membership in the Class;

  m. Include the Class Member's signature or the signature of their attorney;

  n. Be postmarked and mailed to each of the following addresses on or before the Response Deadline which is sixty days after entry of this Order:

| Clerk of Court | Class Counsel | Defendants' Counsel |
| --- | --- | --- |
| Clerk of Court<br>United States District Court<br>4:22-cv-03556<br>901 Richland Street<br>Columbia, SC 29201 | Elliotte Quinn<br>The Steinberg Law Firm, LLC<br>3955 Faber Place Dr., Ste. 300<br>North Charleston, SC 29405 | Patrick Norris<br>Gordon Rees Scully Mansukhani<br>677 King Street, Suite 450<br>Charleston, SC 29403 |

20. Any Settlement Class Member who does not timely submit a written objection in accordance with the procedures listed above and detailed in the Notice shall: (1) be deemed to

9

have waived their right to object to the settlement; (2) be foreclosed from objecting (whether by subsequent objection, intervention, appeal, or otherwise) to the settlement; (3) not be entitled to speak at the Final Approval Hearing; and (4) be precluded from seeking any review of the settlement or the Final Approval Order and judgment by appeal or any other means.

## **DERIVATIVE SETTLEMENT OBJECTIONS**

21. HPR members who wish to object to the settlement may do so in a written submission to the court, postmarked no later than sixty days after entry of this Order.

22. Only HPR members who have filed such written notices of objection will be entitled to be heard at the Final Approval Hearing unless the court orders otherwise.

23. A written objection must:

   a. Contain a reference to this case, "Blosser, et al. v. Richardson, et al., Case No. 4:22-cv-03556-SAL";

   b. Include the HPR member's full name, address, and telephone number;

   c. State whether the objector is represented by counsel;

   d. If represented by counsel, include the counsel's full name, address, and telephone number;

   e. Include the number of the condominium or condominiums that the objector owns in the HPR;

   f. Include a written statement of all grounds for the objection, a statement of the factual and legal basis for each objection, and any exhibits the objector wishes the court to consider in connection with the objection;

   g. Include a statement of whether the objector or the objector's legal counsel intends to appear at the Final Approval Hearing;

h. Include proof that the objector is a member of the HPR (which may be satisfied by proof of the objector's ownership of a residential condominium or commercial unit as of the date of the Notice);

i. Include the objector's signature or the signature of their attorney; and

j. Be postmarked and mailed to each of the following addresses on or before the Response Deadline which is sixty days after entry of this Order:

| Clerk of Court | Plaintiffs' Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of Court<br>United States District Court<br>4:22-cv-03556<br>901 Richland Street<br>Columbia, SC 29201 | Elliotte Quinn<br>The Steinberg Law Firm, LLC<br>3955 Faber Place Dr., Ste. 300<br>North Charleston, SC 29405 | Patrick Norris<br>Gordon Rees Scully Mansukhani<br>677 King Street, Suite 450<br>Charleston, SC 29403 |

24. Any HPR member who does not timely submit a written objection in accordance with the procedures listed above and detailed in the Notice shall: (1) be deemed to have waived their right to object to the settlement; (2) be foreclosed from objecting (whether by subsequent objection, intervention, appeal, or otherwise) to the settlement; (3) not be entitled to speak at the Final Approval Hearing; and (4) be precluded from seeking any review of the settlement or the Final Approval Order and judgment by appeal or any other means.

## MOTIONS AND FINAL APPROVAL HEARING

25. Plaintiffs' Counsel shall file a Motion for Attorneys' Fees and Reimbursement of Expenses ("Plaintiffs' Motion for Attorneys' Fees and Costs") on or before August 22, 2025.

26. The Parties shall file a Motion for Final Approval of the Settlement Agreement ("Motion for Final Approval") on or before September 5, 2025, along with any necessary supporting information.

27. The Final Approval Hearing will be held before the Honorable Sherri A. Lydon at

11

the J.L. McMillan Federal Building and U.S. Courthouse, 401 West Evans Street in Florence, South Carolina, on **Tuesday, October 21 at 10 a.m.** to determine, among other issues:

    a. Whether the Settlement Class should be certified;

    b. Whether the settlement is fair, adequate, and reasonable;

    c. Whether to enter a final judgment in this Action; and

    d. Whether to approve Plaintiffs' Motion for Attorneys' Fees and Costs.

28. The specific date, time, and location of the Final Approval Hearing shall be included in the Notice.

29. The court may, for good cause shown by any party, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

    **IT IS SO ORDERED.**

June 16, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge